## CUTLER v. CLEMENTSON et al.

(Circuit Court, D. Minnesota, Fourth Division. May 6, 1895.)

1. MORTGAGES—ASSIGNMENT AND FORECLOSURE.

A mortgagee, who has sold, assigned, and conveyed "all his right, title, and interest in and to" the mortgage, guarantying the notes secured thereby, cannot foreclose without the consent of the assignee, though the assignment is not recorded; and such a foreclosure is a nullity.

2. SAME—RIGHTS OF JUDGMENT CREDITORS.

Where a mortgagee, after assigning the mortgage with guaranty of payment, foreclosed the same without notice to the assignee, for which reason the foreclosure was void, *held*, that certain third persons, who obtained judgment against the mortgagors, while the mortgage stood of record, and docketed the same before the assignment was recorded, but filed notice of intention to redeem and·did redeem, after the assignment had been placed on record, acquired thereby no right superior to that of the assignee; and that the Minnesota statute, protecting judgment creditors·and bona fide purchasers (Gen. St. 1878. c. 40, § 21; Gen. St. 1894, § 4180), did not apply in their favor.

This was a bill by I. M. Cutler against Peter J. E. Clementson and others to foreclose a mortgage, and for other relief.

Roberts & Sweet, for complainant.

Selden Bacon, for defendants Curtis & Wheeler.

NELSON, District Judge. This suit is brought to set aside a prior foreclosure and sale, and to foreclose the complainant's mortgage upon the property in question. The facts I find to be as follows: .

In December, 1889, defendants Clementson and wife executed to the Lombard Investment Company, a corporation of the state of Missouri, a mortgage upon certain real estate in Hennepin county, Minn., which was duly recorded in that county on the 4th day of January, 1890, to secure two notes. one for $400, due January 1, 1891, the other for $8,000, due January 1, 1895, with interest coupons attached payable semi-annually. About January 20, 1890, the mortgage was assigned in writing, and the notes sold and delivered by the Investment Company, with its guaranty of payment to complainant. This assignment was not filed for record in Hennepin county, Minn., until December 24, 1892. The Investment Company had offices in Kansas City and Boston, and when the complainant presented at the latter office his coupons, and the $400 note when it became due, they were paid, but the defendants Clementson and wife made no payments of either principal or interest. July 9, 1892, the Investment Company foreclosed the mortgage in its own name by advertisement, for the sum of $1,548.29, the amount claimed to have been advanced by it to complainant, and in September of the same year bid in the property for $1,732.03. These proceedings were without the knowledge or consent of complainant, and it does not appear that he ever ratified them. Subsequent to the execution of the mortgage, and prior to the foreclosure thereof, Eugene P. Curtis and Artemas H. Wheeler, who alone answer herein, obtained judgment, and docketed the same against the defendants Clementson. On the 7th day of September, 1893, there being due upon it the sum of $1,921.15, they filed in the office of the register of deeds for Hennepin county, Minn., notice of their intention to redeem from the foreclosure sale; and on the 11th of that month, by the payment of $1,868.55. did redeem the property, and received the sheriff's certificate therefor, which was duly recorded on the same day. This amount, less his fees, was paid by the sheriff to the Lombard Investment Company, and is still retained by it. In January, 1893, by direction of the Investment Company, this suit was commenced to set aside the prior sale, and

to foreclose the mortgage in the name of the complainant. The latter was not notified of that proceeding until June following, when he received a letter from the company, stating that probably it would be compelled to foreclose the mortgage, and that the property could be sold, and gotten into better hands, if complainant would accept from the purchaser a mortgage for 90 per cent. of the present one, and $800 in cash. In answer to this letter, complainant wrote immediately as follows: "I have received your letter of 1st inst., informing me that it would be advisable to foreclose loan 039679, Clementson, $8,000, as the borrower has defaulted in the payment of interest. In compliance with your request, I hereby authorize you to collect this mortgage loan by foreclosure or otherwise." He then discusses the proposition made to him by the company, and virtually agrees to the terms proposed by it. At that time he knew nothing of the prior foreclosure, and not until January, 1894, did he become aware that his interests were in jeopardy. In order to protect the same, he immediately employed counsel, and filed the amended bill in this suit.

Upon this state of facts, as a conclusion of law, I find that the complainant is entitled to a decree as prayed for in the bill.

Mem. Defendants Curtis and Wheeler base their claims on several grounds, which may be summed up thus: (1) They deny that the assignment was completed and delivered before the foreclosure. (2) They set up their recorded judgment as a prior lien to the assignment. (3) They urge that complainant consented to or ratified the foreclosure by the Investment Company, or that he is estopped, either by his own laches, or equitably, from denying such consent or ratification.

The evidence does not support the first claim of the defendants.

Again, the Investment Company, having sold, assigned, and conveyed "all its right, title, and interest in and to" the mortgage, could not foreclose it without the consent of the assignee; for, though it held the record title, it had no interest in the mortgage, or the debt secured by it, and the foreclosure was a nullity. The recording statute of Minnesota (Gen. St. 1878, c. 40, § 21; Gen. St. 1894, § 4180) has no application to the facts disclosed in this suit. It protects judgment creditors as bona fide purchasers for a valuable consideration, whose liens arise while the record title appears in the judgment debtor, although he may in fact have conveyed the property. In this case there was a conveyance (a mortgage) to the Lombard Investment Company on record at the time these defendants obtained their judgments against the mortgagor, and the prior lien of this mortgage was not destroyed by anything that occurred afterwards. It is true that at the time Curtis & Wheeler docketed their judgments the assignment of the mortgage was not on record, but their answer discloses that they had notice of it February 11, 1893, and when they filed their notice of intention to redeem they had constructive notice from the records that an assignment of the mortgage had been filed some eight months previous. They cannot by an appeal to this statute defeat the relief sought, for they parted with nothing upon the strength of the record. I do not think the evidence warrants the conclusion that complainant authorized or ratified the foreclosure by the Investment Company upon which the sale in question was made, or that the complainant was guilty of such negligence or laches as would bar him from the relief sought herein. As to the claim of equitable estoppel, the payment of money by

these defendants for the redemption was their own act, brought about and consummated by themselves after notice of the assignment to complainant. Let a decree be entered as prayed for in the bill of complaint.